| | | |
|---|---|---|
| MARK BRUCE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18CV48 HEA |
| | ) | |
| CORPORAL CARROW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Mark Bruce Anderson, an inmate at Ste. Genevieve County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $9.11. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $45.54. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.11, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. Named as defendants are the following

employees of the Ste. Genevieve County Sheriff's Office: Corporal Carrow,[1] Officer Hattenhauer, and Officer S. Edwards.

Plaintiff, a federal pretrial detainee, states that between October 9, 2017 and December 20, 2017, he was housed in Ste. Genevieve County Jail's A-pod, which is typically designated for sex offenders, inmates with medical issues, and other inmates needing protective custody.[2] Prior to October 9, 2017, these inmates had been housed in G-pod, which had individual cells to afford them more protection. G-pod also had two intercom locations, and an intercom located in each cell.

On October 9, 2017, all inmates from the G-pod were moved to the A-pod. A-pod is an "open-bay" style pod with no cells and only one button, located by the main door, for the intercom system. Plaintiff states that jail staff would also place non-sex offenders in A-pod if the jail became overcrowded.

Beginning in October 2017 and continuing through November 2017, federal inmate J.C. Waller notified defendants Hattenhauer and S. Edwards verbally that plaintiff and two other inmates were being threatened and targeted for serious bodily injury by non-sex offenders housed in A-pod. Waller told defendants that they were placing sex offenders in life threatening danger and disregarding these inmate's health and safety. Defendants Hattenhauer and Edwards responded that they were aware of the dangerous situation, but that Ste. Genevieve County Jail was overcrowded. So aggressive, non-sex offenders were being housed with sex offenders. In response to Waller notifying defendants of continued threats to plaintiff in November 2017,

---

[1] Plaintiff names Corporal "Carro" in the caption of his complaint, however, he has filed a motion to amend and correct defendant's name to Corporal Carrow. *See* ECF No. 7. The Court will grant plaintiff's motion, and order the Clerk of Court to correct Corporal Carrow's name in the record.

[2] On August 30, 2017, plaintiff was indicted on one count of receipt of child pornography in *United States v. Anderson*, No. 4:17-CR-388 SNLJ (E.D. Mo. Aug. 30, 2017). He is awaiting sentencing in that criminal case, which is scheduled for July 19, 2018. *Id.* at ECF No. 48.

defendants responded that "nobody has been killed." Plaintiff states defendants continued to ignore these explicit warnings from inmate Waller.

On December 20, 2017, plaintiff was assaulted by two other inmates in A-pod, William Warden and Matthew Gregory. These violent non-sex offender inmates punched and kicked plaintiff repeatedly in the face and head, causing bruising, swelling, and cuts all over his body. During the attack, the inmates blocked plaintiff's access to the main door and the emergency intercom system in the A-pod. Plaintiff was taken to Ste. Genevieve Hospital for treatment, and was also referred to mental health services. Plaintiff alleges defendants violated the Eighth Amendment rights by failing to protect him from this assault. For relief, plaintiff seeks declaratory and injunctive relief and $150,000.00 in damages.

## Discussion

To state a failure-to-protect claim under the Eighth Amendment, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked). Liberally construing plaintiff's complaint, the Court finds plaintiff has stated a non-frivolous claim of violations of his Eighth Amendment rights against defendants. The Court will order process to issue on this claim.

Plaintiff's claims of violations of his Fifth and Fourteenth Amendment rights, however, are too conclusory to state a claim. Plaintiff states only that "defendants' conduct further deprives plaintiff of Due Process and Equal Protection Clause, of their own force." While civil rights pleadings are construed liberally on initial review, "at the very least the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The Court will dismiss plaintiff's Fifth and Fourteenth Amendment claims as frivolous because the complaint contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for the granting of relief as to these claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $9.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint against defendants Corporal Carrow, Unknown Hattenhauer, and S. Edwards.

**IT IS FURTHER ORDERED** plaintiff's motion to amend/correct party names is **GRANTED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the docket sheet to change defendant "Unknown Carro" to "Corporal Carrow" and change the short caption in this case to "*Anderson v. Carrow, et al.*"

Dated this 15th day of June, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE